IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY L. SPEARS, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:15-CV-511-RP |
| STEVEN McCRAW, et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff's Opposed Motion to Consolidate, (Dkt. 31). Having reviewed the filings, the relevant law, and the factual record, the Court issues the following order.

### I. BACKGROUND

This action is a suit by Plaintiff Billy L. Spears ("Plaintiff" or "Spears") against the Texas Department of Public Safety ("TDPS"), Steven McCraw, David Baker, Luis Gonzalez, Rhonda Fleming, Michael Bradberry, Luis Sanchez, K.B. Wilkie, Brandon Negri, Jimmy Jackson, and Marcus Stokke (collectively, "Defendants").

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"). In the instant action, which was removed to this Court on June 15, 2015 ("*Spears I*"), Plaintiff alleges that Defendants Jackson, Negri, Wilkie, Sanchez, Bradberry, Fleming, Gonzalez, Baker, and McCraw "retaliated against him for exercising his right to petition for redress of grievances as guaranteed by the First Amendment to the U.S. Constitution," denied him the equal protection of the laws as guaranteed by the Fourteenth Amendment to the U.S. Constitution, and "denied him due process of law as guaranteed by the Fourteenth Amendment to the U.S. Constitution." (Original Pet., Dkt. 1-3, ¶¶ 28–30). Plaintiff also alleges that Defendant Stokke "violat[ed] his right to be free from unreasonable

1

seizure as guaranteed by the Fourth Amendment to the U.S. Constitution," (*id.* ¶ 31), and asserts a supplemental claim under the Texas Whistleblower Act, (*id.* ¶ 33).

Defendants moved for summary judgment on all of Plaintiff's claims. (Mot. Summ. J., Dkt. 31). With respect to Plaintiff's First, Fourth, and Fourteenth Amendment claims, the Court found in favor of Defendants. (Order, Dkt. 51, at 15). With respect to Plaintiff's Texas Whistleblower Act claims, Defendants' Motion for Summary Judgment was denied. (*Id.*).

While Defendants' Motion for Summary Judgment was pending, Plaintiff filed another suit pursuant to 42 U.S.C. § 1983. *Spears v. McCraw et al.*, No. 1:17-cv-1105 (W.D. Tex.) ("*Spears II*"). *Spears II* alleges that various defendants, including those in *Spears I* but also including eight individuals not named in the original suit, retaliated against Plaintiff because he filed *Spears I*. (Mot. Consolidate, Dkt. 44, at 1; *Compare* Original Pet., Dkt. 1-3, *with Spears II* Compl., Dkt. 44-1). According to Plaintiff, "most of the parties and issues" in *Spears II* overlap with those presented in *Spears I*. (Mot. Consolidate, Dkt. 44, at 1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42 provides that a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42; *see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983 ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay.")). Consolidation is improper, however, if it would prejudice the rights of the parties. *St. Bernard*, 712 F.2d at 989 (citation omitted).

A district court's power to consolidate cases is "purely discretionary." *Id.*; *see also Morris v. Prescott*, 92 F. App'x 79 (5th Cir. 2004) (mem. op.) (per curiam).

## III. DISCUSSION

Plaintiff argues that *Spears I* and *Spears II* should be consolidated because the claims in both matters "arise from the same ongoing pattern of retaliation," Plaintiff "will certainly not be prejudiced by consolidation," and "Defendants do not explain how they would be prejudiced by consolidation." (Reply, Dkt. 50, at 2). The Court disagrees. Defendants rightly note that the instant case has been pending since 2015, that discovery is complete, and that the dispositive motions deadline has passed. In *Spears II*, in comparison, the Court has not yet entered a scheduling order. Moreover, while Plaintiff contends that both matters "arise from the same ongoing pattern of retaliation," the abbreviated briefing currently before the Court indicates that (1) the alleged retaliation in *Spears II* took a different form than the alleged retaliation in *Spears I*; and (2) Defendants are likely to raise defenses in *Spears II* that are irrelevant to the claims in *Spears I*. (*See, e.g.*, *Spears II* Compl., Dkt. 44-1, 24–42; Resp., Dkt. 49, at 1–2).

## IV. CONCLUSION

Plaintiff's Opposed Motion to Consolidate, (Dkt. 31), is **DENIED**. **IT IS FURTHER ORDERED** that the instant case is set for a final pretrial conference at 10:00 a.m. on April 11, 2018, and a jury trial commencing at 9:00 a.m. on April 30, 2018. Both the final pretrial conference and the jury trial will take place in Courtroom 4 on the fifth floor of the United States Courthouse located at 501 West Fifth Street in Austin, Texas.

**SIGNED** on March 23, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE